**AKIN GUMP STRAUSS HAUER & FELD LLP**
Kevin G. McBride (SBN 195866)
Brock F. Wilson (SBN 248018)
AKIN GUMP STRAUSS HAUER & FELD LLP
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  (949) 885-4200
Facsimile:  (949) 885-4101
Email: kmcbride@akingump.com
Email: bfwilson@akingump.com

Cono A. Carrano (*pro hac vice* pending)
Ryan S. Stronczer (*pro hac vice* pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
Email: ccarrano@akingump.com
Email: rstronczer@akingump.com

Lauren E. York (*pro hac vice* pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field St., Suite 1800
Dallas, TX  75201
Telephone:  (214) 969-2800
Fax:  (214) 969-4343
Email:  lyork@akingump.com

Attorneys for
Unified Patents, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP, et al., <br><br>            Plaintiff, <br><br>    v. <br><br> BANK OF AMERICA, N.A., <br><br>            Defendant. | Case No. 5:22-mc-80114 <br><br><br> **UNIFIED PATENTS LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA ISSUED BY WAPP TECH LIMITED PARTNERSHIP, ET AL.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date Action Filed: May 6, 2022 |

1    TO DEFENDANT WAPP TECH LIMITED PARTNERSHIP, ET AL. AND ITS

2   ATTORNEYS OF RECORD:

3         Pursuant to Federal Rule of Civil Procedure 45 and N.D. Cal. Local Rule 7-1,

4   Unified Patents LLC ("Unified"), through its undersigned counsel, serves its Notice of

5   Motion to Quash Subpoenas in a Civil Action, on May 6, 2022 (the "Subpoenas"), in the

6   above-styled case.

7         Unified respectfully requests that this Court quash the Subpoenas served on Unified

8   by Wapp Tech Limited Partnership and Wapp Tech Corp. in connection with two matters

9   where Unified is a nonparty:

10         • *Wapp Tech Limited Partnership et al. v. Bank of America, N.A.*, Civ. A. No.

11              4:21-CV-00670-ALM (E.D. Tex. Aug. 27, 2021)

12         • *Wapp Tech Limited Partnership et al. v. Wells Fargo Bank, N.A.*, Civ. A. No.

13              4:21-cv-00671-ALM (E.D. Tex. Aug. 27, 2021)

14         This Notice and Motion to Quash (the "Motion") is supported by the accompanying

15   Memorandum of Points and Authorities in Support of Motion, the Declaration of Cono

16   A. Carrano, all exhibits attached thereto, and upon such other matters as may be properly

17   presented to the Court.  Please note that the Motion has been filed in two separate matters

18   before this Court given the identical Subpoenas and resulting argument.

19         The Motion is properly heard by this Court because the Northern District of

20   California is a "court of compliance" pursuant to Federal Rule of Civil Procedure

21   45(d)(3).  Specifically, Unified regularly conducts business in person at its office at 2150

22   N 1st St. Unit 441, San Jose, California 95131, which is within 100 miles of this Court's

23   jurisdiction.  *See* Fed. R. Civ. P. 45(c)(1)(A).

24   //

25   //

26   //

27   //

28   //

1  Dated:  <u>May 6, 2022</u>                          **AKIN GUMP STRAUSS HAUER &**
2                                                      **FELD LLP**

3                                                      By: /s/ *Kevin G. McBride*

4                                                      Kevin G. McBride (SBN 195866)
5                                                      Brock F. Wilson (SBN 248018)
                                                       AKIN GUMP STRAUSS HAUER & FELD LLP
6                                                      4 Park Plaza, Suite 1900
                                                       Irvine, California 92614
7                                                      Telephone:  (949) 885-4200
                                                       Facsimile:  (949) 885-4101
8                                                      Email: kmcbride@akingump.com
                                                       Email: bfwilson@akingump.com
9

10                                                     Cono A. Carrano (*pro hac vice* pending)
                                                       Ryan S. Stronczer (*pro hac vice* pending)
11                                                     AKIN GUMP STRAUSS HAUER & FELD LLP
                                                       Robert S. Strauss Tower
12                                                     2001 K Street N.W.
                                                       Washington, DC 20006
13                                                     Telephone: (202) 887-4000
                                                       Fax: (202) 887-4288
14                                                     Email: ccarrano@akingump.com
                                                       Email: rstronczer@akingump.com
15

16                                                     Lauren E. York (*pro hac vice* pending)
                                                       AKIN GUMP STRAUSS HAUER & FELD LLP
17                                                     2300 N. Field St., Suite 1800
                                                       Dallas, TX  75201
18                                                     Telephone:  (214) 969-2800
                                                       Fax:  (214) 969-4343
19                                                     Email:  lyork@akingump.com
20
21
22
23
24
25
26
27
28

2

1

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT.................................................................................1

II.   RELEVANT FACTUAL BACKGROUND.........................................................4
      A.    The E.D. Texas Suits...............................................................................4
      B.    The Subpoenas.........................................................................................4
      C.    The Meet and Confer...............................................................................5

III.  LEGAL STANDARD.........................................................................................5

IV.   THE SUBPOENAS SHOULD BE QUASHED..................................................6

V.    CONCLUSION...................................................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

Unified Patents, LLC ("Unified") comes before this Court seeking to quash two identical third-party subpoenas (the "Subpoenas") issued by Wapp Tech Limited Partnership and Wapp Tech Corporation (collectively, "Wapp") in two actions brought by Wapp in the Eastern District of Texas (collectively, the "E.D. Texas suits").  Both actions are patent infringement suits, brought against Bank of America, N.A. ("Bank of America") and Wells Fargo, N.A., respectively, ("Wells Fargo," and together with Bank of America, the "Defendants" and each a "Defendant") regarding U.S. Patent Nos. 8,924,192 (the "'192 patent"); 9,298,864 (the "'864 patent"); 10,353,811 (the "'811 patent"); and 10,691,579 ("'579 patent) (collectively, the "Patents-In-Suit").[1]  The E.D. Texas suits were filed on August 27, 2021.  Unified is not a party to either E.D. Texas suit and has no relationship whatsoever to the patent litigation.

Unified was founded by intellectual property professionals over concerns with the increasing risk of non-practicing entities ("NPEs") asserting patents of poor quality against strategic technologies and industries.  The founders thus created a first-of-its-kind company whose purpose is to protect technology sectors, also referred to as zones, by deterring the assertion of invalid or low-quality patents.  Companies in these technology sectors, referred to herein as "Members," subscribe to one or more of Unified's technology-specific NPE zones.  Members pay a yearly subscription fee to a specific NPE technology zone based generally on when each Member subscribes.  *See NPE Zones*, UNIFIED PATENTS, unifiedpatents.com/npe (last visited May 6, 2022).  As part of its deterrence efforts, Unified has filed proceedings seeking to invalidate patents held by NPEs.  Here, Unified has not filed any such proceedings against Wapp or any of the Patents-In-Suit.

---

[1] *Wapp Tech Ltd. P'ship and Wapp Tech Corp. v. Wells Fargo Bank, N.A.*, No. 4:21-cv-00671 (E.D. Tex.); *Wapp Tech Ltd. P'ship, et al. v. Bank of America Corp.*, 4:21-CV-00670-ALM (E.D. Tex.).

1    Wapp is seeking irrelevant and burdensome discovery from Unified—a nonparty
2 to the E.D. Texas suits—directed to documents, communications, and agreements (if any)
3 with the Defendants, and to documents relating to Wapp's patents, including the Patents-
4 In-Suit.   Wapp's requests are directed to two categories: (1) documents and
5 communications related to any efforts by Unified to identify prior art regarding the
6 Patents-In-Suit, and (2) communications and agreements between Unified and the
7 respective Defendants, including as to other litigation where Unified is also a nonparty.
8 *See* Carrano Decl., Ex. 1 at 11–12; Ex. 2 at 11–12.
9    Wapp argues that it needs the discovery sought in the Subpoenas:

- to attempt to establish privity between Unified and one or both
  Defendants, in the event that Unified were to choose to pursue
  an *inter partes review* ("IPR") action in the future in front of the
  USPTO Patent Trial and Appeal Board ("PTAB")—an entirely
  speculative possibility; and

- with respect to the information regarding prior art, to support
  claim construction and/or secondary considerations of non-
  obviousness in the E.D. Texas suits.

16    Wapp has not and cannot demonstrate that the documents requested have any
17 relevance to any issue in the E.D. Texas suits.  Moreover, all of the information that Wapp
18 seeks—to the extent it exists at all—could be obtained from the Defendants in the E.D.
19 Texas suits, is irrelevant to the E.D. Texas suits, and/or is highly confidential or privileged.
20 Thus, the Subpoenas should be quashed for the following reasons:

21    ***First***, Wapp's stated theory of relevance for the communications and agreements
22 between Unified and the Defendants is purely speculative—a hypothetical IPR Unified
23 could potentially file against one or more Patents-in-Suits.  This is wholly irrelevant to
24 any issue in the E.D. Texas suits.  Further, even if Unified were to file an IPR, Wapp
25 would be able to raise its privity and real party in interest theories before the PTAB at that
26 time.

27
28

**Second**, with respect to the information regarding prior art, both Defendants provided Wapp with their respective Notices of Prior art and invalidity contentions on February 10, 2022.[2]  Thus, as specified by the respective scheduling orders and the E.D. Texas Local Patent Rules, the time has passed for the Defendants to amend their invalidity contentions without leave.[3]  Any potential prior art is either already in Wapp's possession or no longer relevant to the E.D. Texas suits.  Further *all* prior art, by definition, must be publicly available.[4]  Therefore, any prior art that Wapp seeks is equally available to Wapp without burdening nonparty Unified.

**Third**, any communications and/or agreements between Unified and either Defendant, to the extent they exist, can be equally obtained from the respective Defendant without burdening nonparty Unified.  If enforced, the Subpoenas would unduly burden nonparty Unified.

**Finally**, the Subpoenas improperly seek Unified's highly confidential information. The details of Unified's relationships with its members and the terms of the membership agreements themselves constitute highly confidential information.  To the extent such information is at all related to a party to the litigation, it could and should be obtained through less burdensome means, including the Defendants.

Accordingly, Unified should not be burdened with these Subpoenas, and the Court should quash the Subpoenas in their entirety pursuant to Federal Rules of Civil Procedure 45(d) and 26(b).[5]

---

[2] *See* Notice of Compliance as to Mandatory Disclosures, *Wells Fargo Bank*, No. 4:21-cv-00671, ECF 40, attached hereto as Carrano Decl., Ex. 8; Notice of Compliance, *Bank of America Corp.*, No. 4:21-CV-00670-ALM, ECF 41, attached hereto as Carrano Decl., Ex. 11.

[3] Patent Scheduling Order, *Wells Fargo Bank*, No. 4:21-cv-00671, ECF 33; Patent Scheduling Order, Bank of America Corp., No. 4:21-CV-00670-ALM, ECF 37; see P.R. 3-3.

[4] 35 U.S.C. § 102.

[5] This Court has quashed similar subpoenas issued to Unified.  *See* Order Granting Motion to Quash, *Dropbox, Inc. v. Motion Offense, LLC*, No. 22-mc-80083-SVK (N.D. Cal. Apr. 20, 2022); Order Granting Motion to Quash, *Hall Data Sync Techs, LLC v. Apple Inc.*, No. 15-mc-80170-KAW, 2015 U.S. Dist. LEXIS 93461 (N.D. Cal. Jul. 17, 2015); Order Granting Motion to Quash Subpoenas Issued [to Unified] by Broadband iTV, Inc., *Broadband iTV,. Inc. v. Hawaiian Telecom, et al.*, No. 15-mc-80053-HRL, 2015 U.S.  Dist. LEXIS 51131 (ND. Cal. Apr. 17, 2015).

UNIFIED PATENTS LLC'S MOTION TO QUASH SUBPOENA ISSUED BY WAPP – CASE NO. 5:22-mc-80114

## II.    RELEVANT FACTUAL BACKGROUND

### A.    The E.D. Texas Suits

As noted above, Wapp filed complaints for patent infringement against Bank of America and Wells Fargo in the United States District Court for the Eastern District of Texas.  Unified is not a party to the E.D. Texas suits.  *See* Carrano Decl., Ex. 6 at ¶¶ 1–3; Ex. 9 at ¶¶ 1–3.  The deadline for invalidity contentions in both actions was February 10, 2022.  Patent Scheduling Order, *Wells Fargo Bank*, No. 4:21-cv-00671; Patent Scheduling Order, *Bank of America Corp.*, No. 4:21-CV-00670-ALM.  Fact discovery in both actions closes on August 18, 2022.  *Id.*

### B.    The Subpoenas

Wapp served the Subpoenas on April 4, 2022.  On April 27, 2022, Unified served its Responses and Objections to both Subpoenas.  On May 3, 2022 and May 6, 2022, counsel for the parties met and conferred in an effort to resolve this matter, but were unable to do so.

Unified maintains its objections to the Subpoenas on multiple applicable grounds, including that the amended requests seek: (1) irrelevant information; (2) unduly burdensome information that is more properly sought from the Defendants in each of the E.D. Texas suits, if such information is relevant to the E.D. Texas suits at all; and (3) information protected by the attorney-client and/or work product privilege and is Unified's highly confidential business information.

In the Subpoenas, Wapp makes 9 requests for documents (the "requests"). The requests generally fall into two groups:

(1)    Documents, communications, and other items relating to Wapp and/or any of its patents, including but not limited to the patents at issue in the E.D. Texas suits, and Unified's efforts to solicit prior art references thereto.  (Request Nos. 1, 6–7, 9).

(2)    Unified's documents, communications, transactions, and agreements (to the extent they exist) with Defendants, including but not limited to those related to the E.D. Texas suits; and three prior Wapp litigations (against each Defendant and another third-

4

party),[6] none of which Unified was a party to.[7]  (Request Nos. 1–5, 8).

## C.   The Meet and Confer

As required by the Court's Local Rule 37-1, counsel for the parties met and conferred in an attempt to resolve this dispute on May 3, 2022.  During this conference, counsel for Wapp indicated that it is seeking the same information from Defendants in the E.D. Texas suits in parallel.  Wapp's counsel did not indicate the status of those requests to the Defendants.  Wapp's counsel confirmed that the only purported connection that Unified has to this matter is Unified's public search for prior art relating to some of the Patents-In-Suit on PATROLL, a website where Unified hosts online contests for the public to submit prior art references.

Wapp counsel further stated that it believed the information sought by the Subpoenas was relevant to establish privity between Defendants and Unified in the event Unified ever files an IPR challenging any of the Patents-In-Suit, and that any prior art collected would be relevant to claim construction and/or secondary considerations of non-obviousness.  Counsel for Unified, after consultation with Unified, informed Wapp counsel that it would not agree to search for documents responsive to the Subpoenas and would file this Motion on May 6, 2022.

Unified now respectfully requests this Court to quash the Subpoenas.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, a party served with a subpoena must move to quash the subpoena in "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(3)(A).[8]  A court must quash a subpoena where the subpoena "requires

---

[6] *Wapp Tech Ltd. P'ship, et al. v. Bank of America Corp.*, No. 4:18-cv-00519-ALM (E.D. Tex.) and *Wapp Tech Ltd. P'ship, et al. v. Wells Fargo Bank, N.A.*, No. 4:18-cv-00501-ALM (E.D. Tex.).

[7] *Wapp Tech Ltd. P'ship et al. v. Seattle Spinco, Inc. et al.*, Case No. 4:18-cv-00469-ALM (E.D. Tex.).

[8] The Subpoenas identify the place where compliance is required as Houston, Texas.  *See* Carrano Decl., Ex. 1 at 11–12; Ex, 2 at 11–12.  As noted above, jurisdiction is proper in this Court as Unified

disclosure of privileged or other protected material" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii), (iv).  A court must limit discovery if it is duplicative or could be obtained from a more convenient or less burdensome source. Order Granting Motion to Quash, 3, *Dropbox, Inc. v. Motion Offense, LLC*, No. 22-mc-80083-SVK (N.D. Cal. Apr. 20, 2022) (citing *McErlain v. Park Plaza Towers Owners Ass'n*, No. 13-cv-03232, 2013 U.S. Dist. LEXIS 179176, at *67 (N.D. Cal. Dec. 19, 2013)).  Moreover, a court may quash a subpoena where the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i).

## IV.    THE SUBPOENAS SHOULD BE QUASHED

The Subpoenas should be quashed because Wapp seeks irrelevant, duplicative, confidential, and/or privileged information that would unduly burden Unified.  First, Wapp admits that the requests directed to communications and/or agreements between Unified and either Defendant is irrelevant to any issue in either E.D. Texas suits.  Wapp's sole theory for relevance—that the information sought could be relevant at an unspecified time in the future if Unified ever files an IPR as to any of the Patents-In-Suit—is speculative and premature.  If Unified were to file an IPR, and to be clear, the record does not indicate the possibility of this one way or another, Wapp would then be entitled to pursue its privity and real party in interest theories (including through discovery) before the PTAB at that time.  Similarly, the hypothetical prior art Wapp seeks is irrelevant.  Unified is not a party to the E.D. Texas suits, has no knowledge of the E.D. Texas suits, has no knowledge of Defendants' invalidity contentions, and has not filed any proceedings seeking to invalidate the Patents-In-Suit.  *See* Fed. R. Civ. P. 26(b)(1) (discovery is limited to matters "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence"); *see also VirnetX, Inc. v. Apple Inc.*, No. 14-mc-80013, 2014 U.S. Dist. LEXIS 130933, at *8–11

---

"regularly conducts business in person" within 100 miles of this Court's jurisdiction.  FED. R. CIV. P. 45(c)(1)(A).

(N.D. Cal. Mar. 21, 2014). Further, the deadline for invalidity contentions in the E.D. Texas suits has passed. As noted above, Wapp has already received the Defendants' invalidity contentions and prior art. To the extent the Subpoenas seek information related to prior art not asserted by either Defendant, this information is now irrelevant to any issue in the E.D. Texas suits.

Second, Wapp also seeks information relating to Unified's relationship(s) with the Defendants, including any communications, agreements, or transactions (to the extent they exist) with each respective Defendant. *See* Request for Production Nos. 1(b) and 2–5. To the extent this information exists, it can and should be obtained from the respective Defendants in the E.D. Texas suits, rather than burdening nonparty Unified. *See Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Broadband iTV*, 2015 U.S. Dist. LEXIS 5113 at *7 ("[t]his information, if the trial court deems it discoverable, can be sought from Defendants, who are parties to the litigation, rather than burdening non-parties."); *Hall Data Sync*, 2015 U.S. Dist. LEXIS 93461 at *10 (quashing a subpoena requested from Unified because "Unified should not be burdened with discovery" that the requesting party could receive from the other party in the litigation, among other things); Order Granting Motion to Quash, 4, *Dropbox, Inc. v. Motion Offense, LLC*, No. 22-mc-80083-SVK (N.D. Cal. Apr. 20, 2022) (quashing a subpoena directed to nonparty Unified when the moving party had "obviously a more convenient source from which to obtain the discovery"—the other party in the underlying action and noting that "[t]he requests seeking communications between Unified and Dropbox . . . are equally, if not more, accessible to Motion [Offense] in the Texas Action.").

Third, the Subpoenas target highly confidential and privileged information. For instance, Unified's agreements and relationships with its members are confidential. *See, e.g.*, Voluntary Interrogatory Responses filed in *Unified Patents, LLC v. Motion Offense, LLC*, IPR2020-00705, Paper 14 (PTAB Apr. 3, 2020). Additionally, any

information regarding Unified's view of validity of the Patents-In-Suit is not only irrelevant but is also highly confidential and likely entirely privileged, as Unified relies on in-house and outside counsel to analyze patents. *See id*. Communications related to that work product within Unified are privileged. *Id*. A court must quash a subpoena that "requires disclosure of privileged or other protected matter." FED. R. CIV. P. 45(d)(3)(A)(iii). A court may quash a subpoena that requires a party to disclose "a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i). Additionally, non-parties are entitled to greater protections from overly broad discovery requests in order to prevent "harassment, inconvenience, or disclosure of confidential documents." *Beinin v. Ctr. for the Study of Popular Culture*, No. 06-cv-2298, 2007 U.S. Dist. LEXIS 22518, at *56 (N.D. Cal. Mar. 16, 2007); *see also Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980). Both of these grounds apply here.

Finally, the Subpoenas will impose an entirely unjustified burden on Unified if not quashed. Unified will be forced to spend hours or days searching for irrelevant documents and potentially reviewing and logging attorney-client and/or work product privileged documents. This burden is particularly unjustified here, where much of the information Wapp seeks (if it exists at all) is in the possession of parties to the E.D. Texas suits. *See* FED. R. CIV. P. 45(d)(3)(A)(iv); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (stating that courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document requested, the time period covered by it, the particularity with which the documents are described, and the burden imposed" when deciding whether a subpoena is unduly burdensome. (citation omitted)); Order Granting Motion to Quash, 4, *Motion Offense*, No. 22-mc-80083-SVK (N.D. Cal. Apr. 20, 2022) (quashing a subpoena directed to nonparty when the moving party had "obviously a more convenient source from which to obtain the discovery"—the other party in the underlying action).

1     Wapp's requests show that Wapp has not taken "reasonable steps to avoid imposing undue burden or expense" on Unified. FED. R. CIV. P. 45(c)(1); *see also Highfields Cap. Mgmt., L.P. v. Doe*, No. 4-cv-00176, 2005 U.S. Dist. LEXIS 29680, at *45 (May 31, 2005 N.D. Cal.) (holding that "[t]he authorities make it clear that a finding that [a] party . . . secured a subpoena in bad faith, or for an improper purpose (e.g. merely to harass or annoy . . . the target of the subpoena . . . would be a sufficient basis for concluding that a party had breached its duty under Rule 45(c).").  Because it would be much more "convenient" and "less burdensome" for Wapp to seek this information from sources other than Unified, namely the Defendants in the E.D. Texas suits, and because the information Wapp seeks is wholly irrelevant, Wapp's Subpoenas should be quashed. FED. R. CIV. P. 26(b)(2)(C)(i).

**V.     CONCLUSION**

     For the foregoing reasons, Unified respectfully requests that the Court quash in their entirety Wapp's Subpoenas.

Dated:  May 6, 2022                           AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Kevin G. McBride*

Kevin G. McBride (SBN 195866)
Brock F. Wilson (SBN 248018)
AKIN GUMP STRAUSS HAUER & FELD LLP
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  (949) 885-4200
Facsimile:  (949) 885-4101
Email: kmcbride@akingump.com
Email: bfwilson@akingump.com

Cono A. Carrano (*pro hac vice* pending)
Ryan S. Stronczer (*pro hac vice* pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
Email: ccarrano@akingump.com
Email: rstronczer@akingump.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lauren E. York (*pro hac vice* pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field St., Suite 1800
Dallas, TX  75201
Telephone:  (214) 969-2800
Fax:  (214) 969-4343
Email:  lyork@akingump.com

10

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on this 6th day of May, 2022.


*  /s/ Kevin G. McBride*